1  KEVIN H. MORSE, State Bar No. 253066
   kmorse@clarkhill.com
2  CLARK HILL PLC
   130 E. Randolph Street, Suite 3900
3  Chicago, Illinois 60601
   Telephone: (312) 985-5556
4  Facsimile:  (312) 517-7593

5  Proposed Counsel for Debtor-in-Possession
   BIO365 LLC

**UNITED STATES BANKRUPTCY COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SANTA ROSA DIVISION**

| In re | Case No. 23-10180 |
|---|---|
| BIO365 LLC | Chapter 11 |
| Debtor | **APPLICATION FOR ORDER SHORTENING TIME FOR NOTICE AND SPECIALLY SETTING HEARING DATE ON DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING, BUT NOT DIRECTING, DEBTOR TO PAY WAREHOUSEMAN'S LIEN OF ACME DISTRIBUTION CENTERS. INC. FOR RELEASE OF PRODUCT** |
|  | *Hearing Requested for:* |
|  | Date:  May 3, 2023
Time:  10:30 a.m.
Place:
1300 Clay St, Ctrm 220/Zoom
Oakland, California 94612 |

Bio365 LLC, debtor and debtor in possession (the "Debtor"), by its proposed attorneys, hereby moves this Court, pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedure and Rule 9006-1 of the Bankruptcy Local Rules, for entry of an order substantially in the form attached hereto as Exhibit A, shortening time for service of notice and a hearing with respect to the following motion was filed at Docket No. 47 (the "Warehouse Lien Motion") and limiting notice of such motion:

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING, BUT NOT DIRECTING, DEBTOR TO PAY WAREHOUSEMAN'S LIEN OF**

271456135.v1

**ACME DISTRIBUTION CENTERS. INC. FOR RELEASE OF PRODUCT**

In support of this Application, the Debtor relies on the *Declaration of Robert Marcus in Support of Motion for Entry of an Order Authorizing, but not Directing, Debtor to Pay Warehouseman's Lien of Acme Distribution for Release of Product* (the "Marcus Declaration"), attached as Exhibit A to the Warehouse Lien Motion. In addition, the Debtor respectfully represents as follows:

**Background Facts**

On April 12, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of California – Santa Rosa Division (the "Bankruptcy Court"), commencing the above-captioned bankruptcy case (the "Bankruptcy Case"). The Bankruptcy Case is pending as a Subchapter V, Chapter 11 case and, as such, no committee or examiner has been appointed in the Bankruptcy Case.

**I.  Facts Relevant to Motion**

On April 12, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of California – Santa Rosa Division (the "Bankruptcy Court"), commencing the above-captioned bankruptcy case (the "Bankruptcy Case"). The Bankruptcy Case is pending as a Subchapter V, Chapter 11 case and, as such, no committee or examiner has been appointed in the Bankruptcy Case.

The Debtor currently manufactures nine (9) unique, trademarked, and patented living soil products that are custom formulated for indoor, light deprivation, and outdoor cultivators. However, prior to formulating these first-to-market products, the four co-founders of the Debtor set a mutual goal in 2015 to ensure that children and future generations will have access to abundant, healthy food, and high-quality medicine. To do so, they needed to find solutions to the intermingled threat of dwindling topsoil, poor crop quality, and the instability of climate change. These founders determined that "Controlled Environment Agriculture" – or CEA – can be an important mechanism to help solve the growing threats to agriculture and the climate. The Debtor's CEA breakthroughs

made an immediate impact on the marketplace. In particular, given the CEA advances through the Debtor's proprietary, activated, and aged bioCHARGE™, the Debtor's products became the preferred soils in the controlled environment industry to ensure such products are available year-round.

The Debtor filed this Bankruptcy Case to restructure and streamline its operations and propose a plan of reorganization to shed its burdensome operational deficiencies and emerge a healthier company buoyed by the strength of its unique product. It is the Debtor's intention to propose a plan of reorganization that will permit the Debtor to maximize recoveries for its legitimate creditors, ensure the Debtor is only paying for the value it has received on its loans and contracts, and reach an EBITDA positive position within 12-18 months after emerging from bankruptcy.

The Debtor also intends to continue to supply its loyal customers with its proprietary, activated, and aged bioCHARGE™. To service one of the Debtor's most consistent customers (the "Customer"), the Debtor contracts with Acme Distribution Centers, Inc. ("Acme") to warehouse, store, and distribute the Debtor's product in Acme's warehouse facility in Denver, Colorado pursuant to a *Rate Quotation and Contract* dated January 15, 2020 (the "Contract"). Pursuant to the Contract, Acme is required to store quantities of the Debtor's soil product for delivery to the Customer as needed on a weekly basis. In exchange, the Debtor pays Acme for storage and delivery charges on a per pallet basis and, pursuant to UCC-7, Acme holds a general warehouse lien over all product its possession.

On the Petition Date, in the ordinary course of business, Acme was in possession of certain product of the Debtor for delivery to the Customer. The Debtor owes Acme $9,153.37 for storage of the product through May 2023. The product in possession of Acme is critical for Debtor's on-going relationship with Customer and is worth more to the Debtor at resale value to Customer than the amount owed to Acme. Since the Petition Date, Robert Marcus (the "CRO") has been able to fulfill Customer's purchase order through piecemeal provision of products from the Stockton Facility and Cortland Facility; however, now, it is critical that the Debtor obtain possession of the products in Acme's possession for resale to Customer. The Debtor has attempted to provide alternative methods to ensure payment to Acme, including substitution of collateral and post-

3

271456135.v1

petition deposit, but Acme has insisted on payment pursuant to its UCC-7 warehouseman's lien against the product.

The Debtor will net more from the sale of product in possession of Acme to Customer than it will cost to pay Acme's prepetition warehouseman's lien. Furthermore, at this time, the Debtor does not currently have enough product to service Customer's on-going needs while providing product to its other customers. The payment of Acme's secured prepetition claim will benefit the bankruptcy estate and ensure the Debtor's relationship with Customer remains strong and Debtor's operations continue throughout this restructuring process.

**II.     Payment of Warehouseman's Lien**

The payment of Acme's prepetition warehouseman's lien in the amount of $9,153.37 for the release of Debtor's product for sale to Customer is a proper exercise of the Debtor's business judgment. Section 7209(a) of the California Commercial Code provides Acme with a warehouseman's lien against the property in its possession. Cal. Comm. Code. § 7209(a). Furthmore, Acme's general lien attaches to all of Debtor's goods that are in its possession and secures all of Debtor's obligations to Acme. *Id.* Acme would lose its lien against the product if it voluntarily released the product. Cal. Comm. Code § 7209(e).

Acme has refused to release its lien against the product held until it is paid in full. This refusal is justified and permitted under the California Commercial Code. However, the release of the product subject to the lien is critical to the Debtor's successful reorganization and on-going operations. The Debtor requires this product to fulfill Customer's weekly orders and ensure that Customer does not stop purchasing from Debtor or seek an inferior product from a competitor. The relief required will maintain the Debtor's viability as a going-concern, its critical relationship with Customer, and help maximize the potential for recovery for unsecured creditors. The value Debtor will receive from the product exceeds the $9,153.37 cost to obtain the product from Acme. As such, the payment of the prepetition warehouseman's lien in the amount of $9,153.37 is a proper exercise of the Debtor's business judgment.

/ / /

/ / /

4

271456135.v1

## Relief Request

Pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedure and Bankruptcy Local Rule 9006-1, the Debtor seeks entry of the order attached hereto as <u>Exhibit A</u> setting a hearing date of May 3, 2023, or such other date/time as the Court determines is appropriate, for the Warehouse Lien Motion to be heard, and limiting notice on the Warehouse Lien Motion.

## Need for Prompt Relief

The Debtor and its estate will suffer immediate and irreparable harm if the relief in the Motion is not granted. During this current transitional period, the Debtor's product manufacturing cannot fulfill Customer's weekly requirement and all other demands. The relief requested is appropriate in order to maintain a profitable relationship with Customer and obtain additional operating cash for the estate. The bankruptcy estate will suffer immediate and irreparable harm if it is unable to fill Customer's orders and maintain key relationships with its vital customers.

The Debtor's entire operations and reorganization are dependent on the continued operations and maintaining relationships with existing customers. The failure to pay Acme and distribute the products will deprive the Debtor from expected income and harm relationships with one of Debtor's key customers. Additionally, the inability to access the products with Acme will only further strain the Debtor's restructured manufacturing capabilities while it works to transition the Cortland Facility to full capacity. The prompt relief will obtain release of the product, fulfill Customer's orders, and provide the Debtor with additional operating case.

## Previous Requests for Time Modifications

No time modifications have been previously requested with respect to the Warehouse Lien Motion.

## Effect of Request for Shortened Time

If the Application is granted, the relief with respect to the Warehouse Lien Motion will be heard on shortened time, on three (3) days' notice. However, the relief requested herein does not prejudice any creditor. Acme has a valid UCC-7 possessory lien and would be entitled to full payment for the release of the product whether now or at plan confirmation. The payment of Acme's prepetition lien will only further increase Debtor's product, continued operations, and

5

ability to fill customer orders. The Debtor has significantly more than $9,153.37 on hand and sale of the product Customer will provide a greater return to the Debtor.

**Efforts to Speak with Major Constituencies**

The Debtor filed the Warehouse Lien Motion on a Sunday. The Debtor reached out to the U.S. Trustee and Subchapter V Trustee after the Warehouse Lien Motion was filed. The Subchapter V Trustee has no objection to shortened time. The Office of the U.S. Trustee has not yet responded to the relief requested; however, the Debtor will reach out again on Monday morning. The Debtor has not had an opportunity to communicate the relief requested with other potentially interested parties, including any secured creditors. The Debtor does not believe that any constituency will be prejudiced by the granting of the relief requested herein. However, the Debtor is prepared to serve notice of the hearing and the Warehouse Lien Motion on the U.S. Trustee, Subchapter V Trustee, secured creditors, Acme, and seven (7) largest unsecured creditors, e-mail or such other method as ordered.

**Conclusion**

WHEREFORE, the Debtor requests that the Court grant this Application and enter an order in the form attached hereto as <u>Exhibit A</u> shortening time and scheduling the hearing on the Warehouse Lien Motion on Wednesday, May 3, 2023 at 10:30 a.m. or such time as is convenient for the Court or as soon thereafter as the Warehouse Lien Motion may be heard.

Dated: May 1, 2023                                CLARK HILL PLC

                                        By:   */s/ Kevin H. Morse*
                                              Proposed Counsel for Debtor
                                              bio365 LLC

KEVIN H. MORSE, State Bar No. 253066
kmorse@clarkhill.com
CLARK HILL PLC
130 E. Randolph Street, Suite 3900
Chicago, Illinois 60601
Telephone: (312) 985-5556
Facsimile: (312) 517-7593

Proposed Counsel for Debtor-in-Possession
BIO365 LLC

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>BIO365 LLC<br><br>    Debtor | Case No. 23-10180<br><br>Chapter 11<br><br>**[PROPOSED] ORDER SHORTENING TIME FOR NOTICE AND SPECIALLY SETTING HEARING DATE ON DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING, BUT NOT DIRECTING, DEBTOR TO PAY WAREHOUSEMAN'S LIEN OF ACME DISTRIBUTION CENTERS. INC. FOR RELEASE OF PRODUCT**<br><br>Date: May 3, 2023<br>Time: 10:30 a.m.<br>Place:<br>1300 Clay St, Ctrm 220/Zoom<br>Oakland, California 94612 |

The Court having considered the application ("Application") filed by Bio365 LLC, debtor and debtor in possession (the "Debtor"), for an order shortening time for service of notice and a hearing with respect *Motion for Entry of an Order Authorizing, but not Directing, Debtor to Pay Warehouseman's Lien of Acme Distribution for Release of Product* [Docket No. 47] (the "Warehouse Lien Motion"); having considered all pleadings and evidence in connection the Application, including the *Declaration of Robert Marcus in Support of Motion for Entry of an Order Authorizing, but not Directing, Debtor to Pay Warehouseman's Lien of Acme Distribution for Release of Product*, attached to the Warehouse Lien Motion as **Exhibit A**, and good cause appearing for the relief requested in the Application;

271456135.v1

IT IS HEREBY ORDERED that:

1. The Application is granted.

2. The time for notice on the Warehouse Lien Motion is hereby shortened. The hearing will be held on May 3, 2023 at ____:____ __.m.

3. The Debtor shall provide notice of the hearing on the Warehouse Lien Motion via _____ on the Office of the U.S. Trustee, Subchapter V Trustee, secured creditors, the 7 largest unsecured creditors, and Acme (as defined in the Warehouse Lien Motion).

4. Any opposition to the Warehouse Lien Motion shall be heard at the hearing.

**END OF PROPOSED ORDER**

KEVIN H. MORSE, State Bar No. 253066
kmorse@clarkhill.com
CLARK HILL PLC
130 E. Randolph Street, Suite 3900
Chicago, Illinois 60601
Telephone: (312) 985-5556
Facsimile: (312) 517-7593

Proposed Counsel for Debtor-in-Possession
BIO365 LLC

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>BIO365 LLC<br><br>      Debtor | Case No. 23-10180<br><br>Chapter 11<br><br>**DECLARATION OF KEVIN H. MORSE IN SUPPORT OF ORDER SHORTENING TIME FOR NOTICE AND SPECIALLY SETTING HEARING DATE ON DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING, BUT NOT DIRECTING, DEBTOR TO PAY WAREHOUSEMAN'S LIEN OF ACME DISTRIBUTION CENTERS. INC. FOR RELEASE OF PRODUCT**<br><br>*Requested Hearing:*<br><br>Date: May 3, 2023<br>Time: 10:30 a.m.<br>Place:<br>1300 Clay St, Ctrm 220/Zoom<br>Oakland, California 94612 |

I, Kevin H. Morse, declare:

1. I am an attorney admitted to practice before the Court. I am a member with the law firm of Clark Hill PLC (operating in California as Clark Hill LLC) ("Clark Hill"), proposed counsel for the bio365 LLC, the debtor and debtor-in-possession (the "Debtor") in the above-captioned Chapter 11 case (the "Bankruptcy Case").

2. This declaration is provided in support of the *Application for Order Shortening Time for Notice and Specially Setting Hearing Date on Debtor's Motion for Entry of an Order Authorizing, but not Directing, Debtor to Pay Warehouseman's Lien of Acme Distribution for*

Case: 23-10180    Doc# 48    Filed: 05/01/23    Entered: 05/01/23 07:22:31    Page 9 of 10
271456135.v1

*Release of Product* [Docket No. 47] (the "Warehouse Lien Motion") filed in the Bankruptcy Case on April 30, 2023.

3. I am authorized by Clark Hill to make this declaration on its behalf in support of the Application. Except for those statements made upon information and belief, I have personal knowledge of the facts set forth herein, and could and would testify competently thereto if called as a witness.

4. The Warehouse Lien Motion was filed on Sunday, April 30, 2023. Since filing the Warehouse Lien Motion, I sent an e-mail to the Office of the United States Trustee and the Subchapter V Trustee with a copy if the Warehouse Lien Motion. The Office of the United States Trustee has not yet responded. The Subchapter V Trustee has no objection to shortened notice. I was not able to communicate with other potentially interested parties, including any secured creditors. We previously made Acme aware that the Warehouse Lien Motion would be filed shortly. I will also reach out to the Office of the United States Trustee and Subchapter V Trustee again on Monday morning.

5. Clark Hill is prepared, as required, to serve notice of the hearing and the Warehouse Lien Motion in the manner prescribed by the Court on the Office of the U.S. Trustee, Subchapter V Trustee, secured creditors, the 7 largest unsecured creditors, and Acme.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 1, 2023, at Chicago, Illinois.

                                              */s/ Kevin H. Morse*
                                              Kevin H. Morse

2