# Exhibit B

KEVIN H. MORSE, State Bar No. 253066
*kmorse@clarkhill.com*
CLARK HILL PLC
130 E. Randolph Street, Suite 3900
Chicago, Illinois 60601
Telephone: (312) 985-5556
Facsimile: (312) 517-7593

Counsel for Debtor-in-Possession
bio365 LLC

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>bio365 LLC,<br><br>    Debtor. | Case No. 23-10180<br><br>Chapter 11<br><br>**ORDER AUTHORIZING THE USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION**<br><br>Date: July 11. 2023<br>Time: 9:30 a.m. (PT)<br>Place:<br>1300 Clay St, Ctrm 220/Zoom<br>Oakland, California 94612 |

    This matter came before the Court on the motion of bio365 LLC, debtor and debtor in possession (the "Debtor"), with the agreement of Northview Capital LLC (the "Lender"), for the entry of an order authorizing the use of cash collateral and related relief (the "Motion"); due and proper notice of the Motion having been provided to all parties in interest; the Court having considered the Motion, the *Declaration of Robert Marcus in Support of Motion for Entry of an Order (I) Authorizing the Debtor to Use Cash; (II) Granting Adequate Protection; and (III) Granting Related Relief* (the "Marcus Declaration") [Docket No. 82], and otherwise being fully advised; and all capitalized terms not otherwise defined herein having the meaning ascribed in the Motion:

IT IS HEREBY STIPULATED AND AGREED THAT:

A. Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code") on April 12, 2023 (the "Petition Date").

B. Debtor is indebted to Lender, under a certain Loan Agreement and Term Promissory Note executed by Debtor to the order of Lender on March 11, 2021 in the original principal amount of $425,200.00 USD (as amended, the "Prepetition Note") and that, without limitation, the indebtedness under the Prepetition Note as of the Petition Date includes a total of principal due of $208,583.00 plus interest of $1,142.92 plus accrued and accruing interest, costs, fees and expenses.

C. The liabilities evidenced by the Prepetition Note and the other loan and collateral documents, including interest, costs, fees and expenses, are identified as the "Prepetition Indebtedness."

D. The documents, instruments and agreements executed in connection with the prepetition financing arrangements from Lender to Debtor are identified collectively as the "Prepetition Loan Documents." Capitalized terms not defined in this Order or Motion shall have the meanings set forth in the Prepetition Loan Documents.

E. The Prepetition Indebtedness is secured by certain assets of Debtor, including without limitation: (a) all fixtures and personal property of every kind and nature including all accounts, goods, documents (including, if applicable, instruments, promissory notes, chattel paper, letters of credit, letter-of-credit rights, securities and all other investment property, commercial tort claims, general intangibles, money, deposit accounts, and any other contract rights or rights to the payment of money; and (b) all Proceeds and products, all books and records, all supporting obligations, and all accessions to, substitutions and replacements for, and rents, profits, and products of, and any and all Proceeds of any insurance, indemnity, warranty, or guaranty payable to the Debtor." (collectively, the "Prepetition Collateral"), all as more particularly described in the Security Agreement executed by Debtor in favor of Lender dated March 4, 2021 (the "Security Agreement").

F. As of the Petition Date, the Prepetition Collateral was valued in the aggregate amount of at least $2,495,878.70, consisting of:

|  |  |
|---|---|
| Cash: | $481,838.92 |
| Accounts Receivable: | $884,024.70 |
| Inventory: | $422,605.08 |
| <u>Cortland Equipment:</u> | <u>$707,410.00</u> |
| **Total** | **$2,495,878.70** |

Lender also maintains a perfected security interest on Debtor's equipment located in Stockton, California (the "<u>Stockton Equipment</u>"), which the Debtor is seeking to liquidate through an auction on May 30, 2023. The Debtor continues to consume cash and inventory as part of its operations.

G. Lender's security interest in the Prepetition Collateral is valid and first in priority and the Prepetition Indebtedness is a valid and binding obligation of Debtor.

H. In order for Debtor to continue to operate its business, and preserve its goodwill and going concern value, it is necessary for Debtor to use Cash Collateral (as defined in § 363 of the Bankruptcy Code) to enable it to pay normal operating expenses (including, without limitation, wages, salaries, insurance premiums, utilities, rent and taxes) and to purchase supplies.

I. Debtor has not been, and will continue to be unable, in the ordinary course of business or otherwise, to obtain unsecured credit under § 503(b)(1) of the Bankruptcy Code and needs use of cash collateral in order to continue its operations. Lender is willing to permit use of cash collateral by Debtor under § 363 of the Bankruptcy Code, subject to the terms of this Order.

J. This Order authorizes Debtor's use of Cash Collateral subject to the terms of this Order for the Interim Period (defined below).

IT IS HEREBY ORDERED that:

1. Debtor is authorized to use Cash Collateral and other Prepetition Collateral on an interim basis from the Petition Date through the deadline to file a plan of July 31, 2023 (the "<u>Interim Period</u>"), to the extent set forth on **Exhibit 1** to the Marcus Declaration (the "<u>Budget</u>"). The Debtor is authorized to make the expenditures set forth on the Budget, plus no more than 10% of the total proposed payments, unless otherwise agreed by the Lender or upon further Order of this Court.

2. As adequate protection under § 363 of the Bankruptcy Code for Debtor's use of Cash Collateral, Debtor shall remit all proceeds net of the auctioneer's allowed fees and costs from the sale of the Stockton Equipment to Lender on or before June 15, 2023. In the event the Stockton Equipment does not return more than $12,000 to Lender, the Debtor shall remit $3,000 on June 15, 2023 and starting on July 1, 2023, shall make monthly adequate protection payments of $3,000 on the first of each month thereafter until such time as the earlier of: (i) the Lender receives a total of $12,000 in adequate protection payments, including sale proceeds from the Stockton Equipment; (ii) Debtor's plan of reorganization is confirmed; (iii) the case is dismissed; or (iv) the case is converted to Chapter 7 of the Bankruptcy Code.

3. As adequate protection under § 363 of the Bankruptcy Code for Debtor's use of Cash Collateral and any diminution in value in other collateral, Lender is granted a continuing and replacement security interest and lien to the same extent, validity and priority as existed on the Petition Date in the Prepetition Collateral (collectively, the "Collateral").

4. The security interest and lien granted to Lender under this Order shall be evidenced by the entry of this Order, and except as otherwise provided herein, shall be deemed to be first, valid and perfected as against all third parties to the same extent, validity and priority as existed on the Petition Date upon entry of this Order, without regard to applicable federal, state or local filing and recording statutes, as of the Petition Date, provided, however, that Lender may take such steps as it deems appropriate to comply with such recording statutes and Debtor shall execute and deliver such additional documents and shall take any and all additional action to comply with such recording statutes as Lender may request. At Lender's discretion, it may attach this Order to financing statements bearing Debtor's name as the debtor and file them with any state or local office to further evidence the liens granted hereby without the signature of Debtor.

5. Subject to 11 U.S.C. § 506, Lender's secured claim shall include all reasonable fees and out-of-pocket disbursements incurred by Lender, in any way arising from or in connection with this Order, the Prepetition Loan Documents or the Prepetition Indebtedness, including, without limitation, the reasonable fees of counsel for Lender for the preparation, examination and approval of this Order, for the payment of all fees and out-of-pocket disbursements incurred by Lender,

4

Case: 23-10180    Doc# 82-2    Filed: 06/01/23    Entered: 06/01/23 12:35:42    Page 5 of 8
271653728.v4

including reasonable attorney fees and consulting fees incurred by Lender, in any way arising from or in connection with any action taken by Lender to monitor, advise, enforce or collect the Prepetition Indebtedness, or enforce any obligations of Debtor under this Order, the Prepetition Loan Documents or any other document or agreement arising from or relating to the business relationship between Lender and Debtor, including any actions to lift the automatic stay or otherwise in any way participate in this bankruptcy proceeding.

6. In the event that Debtor defaults in performance of any of its obligations under this Order or under the Prepetition Loan Documents (excluding existing defaults under the Prepetition Loan Documents of which the Lender has been notified in writing), or upon the entry of an order dismissing this case, appointing a liquidating trustee in this case, converting this case to a case under Chapter 7 of the Bankruptcy Code, or transferring the venue of this case to another district, Debtor's right to use Cash Collateral under this Order and the Prepetition Loan Documents shall terminate, Debtor shall segregate and account for all Cash Collateral then in its possession or control, and Lender shall have the right to apply for relief from the stay under § 362 of the Bankruptcy Code.

7. As it relates to the Interim Period, the provisions of this Order, which shall be immediately effective upon entry, and any actions taken under this Order, shall survive entry of, and shall govern with respect to, any conflict with any order previously entered, and the terms and provisions of this Order, as well as the liens and security interests under the Prepetition Loan Documents, this Order, and all rights of Lender and obligations of Debtor created or arising under this Order, shall continue in these proceedings or any superseding proceedings under the Bankruptcy Code, and such liens and security interests shall maintain the same extent, validity and priority as existed on the Petition Date until satisfied and discharged.

8. If any or all of the provisions of this Order are hereafter modified, vacated, or stayed by subsequent order of this or any other court, such stay, modification or vacation shall not affect: (a) the validity of any adequate protection granted to Lender under this Order; (b) the validity and enforceability of any lien or priority authorized for the benefit of Lender; or (c) the conduct of Lender with respect to the rights granted to Lender in this Order prior to the effective date of such stay, modification or vacation, and notwithstanding such stay, modification or vacation, such

adequate protection, liens and rights shall be governed in all respects by the original provisions of this Order and Lender shall be entitled to all those rights, privileges and benefits.

        9.        Debtor shall serve a copy of this Order within 24 hours after entry of this Order.

        10.       Objections to this Order must be filed and served on (i) counsel for Debtor, Kevin Morse via the Court's CM/ECF system; (ii) counsel for Lender, Kimberly Ross Clayson, Taft Stettinius & Hollister, LLP, 27777 Franklin Road, Suite 2500, Southfield, Michigan 48034, kclayson@taftlaw.com, via U.S. Mail, postage prepaid; (iii) the Office of the United States Trustee via the Court's CM/ECF system; and (iv) the Subchapter V Trustee via the Court's CM/ECF system, within 14 days of its entry,

        11.       If an objection is filed, a final hearing shall be on July 11, 2023 at 9:30 a.m.

        12.       If no objections are filed, this Order shall become a final order and shall authorize the Debtor to use cash collateral subject to the term and conditions of this Order including but not limited to payment of adequate protection payments described herein through July 31, 2023, at such time the Debtor shall be required to seek further authority to utilize cash collateral until such time that the Debtor's plan is confirmed, case is dismissed, or converted to Chapter 7.

** END OF ORDER **

| | |
|---|---|
| 1 | COURT SERVICE LIST |
| 2 | Michael Klein |
| | 30 Kellogg Road |
| 3 | Cortland, NY 13045 |
| 4 | Robert Marcus |
| | Kander LLC |
| 5 | PO Box 26630 |
| | Scottsdale, AZ 85255 |